IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GUSTAVO FERNANDO GARCIA ) | CASE NO. 4:09CV1423 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE PETER C. ECONOMUS |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, *et al.* ) | MEMORANDUM OF OPINION |
| ) | <u>AND ORDER</u> |
| Defendants ) | |

The *pro se* plaintiff, Gustavo Fernando Garcia, filed this action alleging a violation of the Federal Torts Claims Act ("FTCA"), 28 U. S. C. § 2671 *et seq*. The defendants are the United States of America, Immigrations and Customs Enforcement ("ICE"), Immigration and Naturalization Service ("INS"), INS National Records Center, Drug Enforcement Administration ("DEA") and the U.S. Attorney, Southern District of Florida.

The plaintiff, a prisoner incarcerated in Corrections Corporation of America located in Youngstown, Ohio, alleges the following: On August 16, 2007, he was called to the prison office to receive a phone call from ICE regarding his immigration status. A transcript was made but when he read it he saw that it was "Mutilated, Manipulated and Concealed and Removed intentionally by the ICE officer, in Malicious Abuse of Process in my Prejudice." He further alleges that the INS office in Miami maliciously concealed and removed records of his last legal entry into the country and provided false information to a probation officer and district judge in his criminal case. The DEA and U.S. Attorney deprived him of his freedom by falsely charging him with a crime. He

claims that the United States Court of Appeals recognized that government agents planted evidence in his co-defendant's car causing him to be arrested. (unverified). There does not seem to be any mention of acts performed by INS National Records Center. However, his records appear to be involved in this case. Garcia has stated that he filed claims with these agencies as required by the FTCA.

In *Heck v. Humphrey*, 512 U.S. 477, 481-482 (1994), the United States Supreme Court held in a civil rights action brought under 42 U.S.C. § 1983 that habeas corpus is the appropriate remedy for a state prisoner attacking the validity of the fact or length of his confinement, and that specific determination must override the general terms of § 1983. This reasoning has been applied to actions brought under the FTCA. *See Sandles v. U.S. Marshal's Service*, 2007 WL 4374080, 1 (E.D. Mich.,) (Oct. 18, 2007) (FTCA claim must fail if the conviction has not been invalidated because a successful decision would implicate the validity of his conviction).

Essentially, Garcia asserts that he was falsely convicted. A successful conclusion in this case might invalidate his sentence. Therefore, this FTCA case is inappropriate.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.[1]

    IT IS SO ORDERED.


                                          **S/Peter C. Economus - 10/27/09**
                                          JUDGE PETER C. ECONOMUS
                                          UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a) (3) provides:

>An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.